**UNITED STATES of America,**
**Plaintiff,**

v.

**Rex BARBER, Dominic Barber,**
**William Barber, and Jeremy**
**Snyder, Defendants.**

**No. CR12–4077–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Nov. 2, 2012.

---

Jamie D. Bowers, U.S. Attorney's Office, Sioux City, IA, for Plaintiff.

Jim K. McGough, Omaha, NE, Matthew Reed Metzgar, Rhinehart Law, Jay Elliott Denne, Munger, Reinschmidt & Denne, Douglas L. Roehrich, Roehrich Law Office, LLC, Sioux City, IA, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

Dominic Barber's motion (Doc. No. 49) for severance of trial. Plaintiff the United States of America the "Government" has filed a resistance (Doc. No. 50). None of the co-defendants have responded to the motion. No party has requested oral argument and, in any event, the court finds

that oral argument is not necessary. The motion is fully submitted.

## BACKGROUND

The defendants are charged by indictment with defrauding the federal Farm Service Agency ("FSA") by converting property that was pledged as collateral to secure certain FSA loans. The joint trial of all four defendants is currently scheduled to begin December 3, 2012.

The indictment contains five counts:

Count 1 As against all defendants— conspiracy to conceal, remove, dispose of, and covert pledged property in violation of 18 U.S.C. § 658.

Count 2 As against defendants Rex and Dominic[1], conversion of pledged property in violation of 18 U.S.C. §§ 658 and 2.

Count 3 As against defendants Rex and Jeremy, conversion of pledged property in violation of 18 U.S.C. §§ 658 and 2.

Count 4 As against defendants Rex and William, conversion of pledged property in violation of 18 U.S.C. §§ 658 and 2.

Count 5 As against defendant Rex, making a false statement for purposes of influencing the FSA in violation of 18 U.S.C. § 1014.

*See* Doc. No. 5. In general terms, the indictment alleges that defendants Rex, William and Jeremy were obligors under various FSA loans. To secure those loans, they entered into agreements granting the FSA liens on various assets, including livestock, equipment and real property. The FSA then issued lien notices to banks, sale barns, implement dealers and others to advise them of the FSA's interest in assets owned by Rex, William and/or Jeremy.

The indictment further alleges that the defendants conspired to engage in various schemes to deprive FSA of its interest in certain assets. With regard to Dominic, the indictment alleges that he sold livestock belonging to Rex, William and/or Jeremy under his own name. Because Dominic had no FSA loans, buyers of livestock sold under his name would have no reason to believe that the livestock was subject to any FSA liens. Specifically, for example, the indictment alleges that Dominic sold Rex's livestock under Dominic's name on January 26, 2008, and then transferred the proceeds to Rex.

Dominic contends he would be unfairly prejudiced by a joint trial. He argues that certain statements made by Rex also incriminate Dominic and that the introduction of Rex's statements during a joint trial would violate Dominic's rights under the Sixth Amendment's Confrontation Clause. He also argues that there is a "spillover" issue, as evidence offered against Rex will create confusion and will influence the jury's evaluation of the charges against Dominic.

## ANALYSIS

Federal Rule of Criminal Procedure 14(a) allows the court to grant a severance of defendants if it appears that a defendant or the Government is prejudiced by a joinder. The grant or denial of a motion to sever is left to the court's discretion. *See, e.g., United States v. Mickelson,* 378 F.3d 810, 817 (8th Cir.2004). The Supreme Court has held that the joinder and severance rules "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to

---

1. Because three of the four defendants share the same last name, the order will refer to the defendants by their first names.

a fair trial." *Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (internal quotations omitted).

■ A defendant seeking severance must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Blaylock,* 421 F.3d 758, 766 (8th Cir.2005)(quoting *United States v. Oakie,* 12 F.3d 1436, 1441 (8th Cir.1993)). A defendant can demonstrate real prejudice by showing either (a) his defense is irreconcilable with that of his co-defendant(s) or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *Mickelson,* 378 F.3d at 818; *see also United States v. Washington,* 318 F.3d 845, 858 (8th Cir.2003); *United States v. Jackson,* 64 F.3d 1213, 1217 (8th Cir.1995). In addition, the Supreme Court has recognized that a defendant is deprived of his rights under the Confrontation Clause when a co-defendant's confession that incriminates both defendants is introduced at their joint trial, even if the jury is instructed to consider that confession only against the nontestifying co-defendant. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

### A. The Confrontation Clause

■ Dominic argues that his Sixth Amendment right to confront witnesses would be violated in a joint trial because the Government will introduce statements by Rex that also tend to implicate Dominic. Specifically, Dominic points to a statement by Rex that Rex "was selling cattle in Dominic's name that did not belong to Dominic." Doc. No. 49–1 at 5. Nothing about Rex's statement, at least as it is described in Dominic's motion, actually implicates Dominic. Dominic contends in this case that he did not know Rex was using Dominic's name to sell cattle that did

not belong to Dominic. *Id.* Further, Dominic admits that "Rex was not asked about Dominic's knowledge or involvement in the transactions." *Id.* If Rex's statement included an allegation by Rex that Dominic knew Rex was using his name, the introduction of that statement would create a *Bruton* issue. However, Rex's statement only references Rex's own conduct, not Dominic's knowledge or lack of knowledge. Nothing about Rex's statement implicates Dominic or is inconsistent with Dominic's professed lack of knowledge.

■ Even if Rex's statement creates a potential *Bruton* issue, " 'the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession ... when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.' " *United States v. Donahue,* 948 F.2d 438, 443 (8th Cir.1991)(quoting *Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)). Here, the Government states that if a *Bruton* issue does exist, it would be agreeable to either (a) redacting Rex's statement to eliminate the reference to Dominic or, if necessary, (b) foregoing any use of Rex's statement. Doc. No. 50 at 3. Based on the Government's representation, the court finds that severance would be unnecessary even if Rex's statement has the potential to implicate Dominic.

### B. "Spillover"

■ Dominic also contends he will suffer prejudice in a joint trial because the Government will offer evidence that is not relevant to the charges against him and will have an adverse "spillover" effect. Dominic describes the situation as follows:

In the present case, the United States intends on introducing several statements of Rex Barber which have a spill-

over affect [sic] on Dominic's case but ha[ve] no relevance to Dominic. Rex did not file tax returns since the 1990s. Rex ran the farming operation of Mary Barber, William Barber and Jeremy Snyder which included the procurement of the FSA loans. The government has no evidence to show Dominic knew of the loans incurred by Mary, William or Jeremy with FSA or that Rex was running any farming operation for Mary, William or Jeremy. When asked if he knew whether Mary had gotten a loan and sold cattle, Dominic responded "no." *Dominic Barber deposition of June 26, 2009, p. 16, line 13.*

Doc. No. 49–1 at 5. According to Dominic, evidence of this nature is prejudicial to Dominic because it does not relate to the charges against him. *Id.* at 5–6.

 This is, among other things, a conspiracy case, as all defendants are charged in Count I with being part of a conspiracy to conceal, remove, dispose of and covert property pledged to FSA. The Eighth Circuit has stated:

> Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.

*United States v. Kime,* 99 F.3d 870, 880 (8th Cir.1996); *see also Blaylock,* 421 F.3d at 766. In *Kime,* the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The court upheld the district court's denial of a severance motion, holding that the "[m]ere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing that the jury will be unable to compartmentalize the evidence

against each individual defendant." *Id.* Indeed, "disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure, such as a curative instruction." *United States v. Spotted Elk,* 548 F.3d 641, 658 (8th Cir.2008).

Dominic identifies nothing unique about this case that would make it difficult for the jury to compartmentalize the evidence against him. Nor has he established that appropriate jury instructions cannot prevent prejudicial "spillover." In short, defendant has not shown that the alleged prejudice resulting from a joint trial is so substantial as to outweigh the general efficiency of joinder. *See United States v. Al–Esawi,* 560 F.3d 888, 891 (8th Cir.2009).

### CONCLUSION

For the reasons set forth herein, defendant Dominic Barber's motion for severance of trial (Doc. No. 49) is **denied.**

**IT IS SO ORDERED.**